IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| SHIVA LOUIE | * | Case no. 19-20819-MMH |
| | * | Chapter 13 |
| Debtor | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### OBJECTION OF LAW OFFICE OF SALLY B. GOLD, LLC TO DEBTOR'S AMENDED CHAPTER 13 PLAN

The Law Office of Sally B. Gold, LLC (the "LLC"), an unsecured creditor, by its undersigned counsel, files this objection to the Debtor's Amended Chapter 13 Plan filed on May 21, 2020 (docket no. 25) (the "Amended Plan"), and in support thereof, states as follows:

1. The LLC holds a general unsecured claim against the Debtor in the amount of $5,588.52 arising from legal services provided to the Debtor (POC 6-2). This claim was scheduled by the Debtor and listed as disputed, but no objection has yet been filed.

2. The Amended Plan provides for the Debtor to pay a lump sum of $16,830 for months 1 through 9, and then 51 monthly payments of $1,935, for total payments to the Trustee of $115,515[1].

3. The amount to be paid to claimants through the Amended Plan totals $115,477.18 (see 4.2 Trustee's Commissions: estimated at $11,551 based upon 10%; 4.2 Administrative Claims: $3,475.00; 4.5 Priority Claims: $85.03 (IRS); 4.6.2 Prepetition Arrears on Secured Claims: $72,852.83 (Wells Fargo); 4.6.3 Secured Claims Paid

---

[1] The Amended Plan also provides that the Debtor will dedicate all tax refunds over $4,320 for each year of the Plan. The LLC is unable to determine if this will produce any monies for the payment of creditor claims.

Through Plan: $27,513.32 (Council of Unit Owners at Harbor Court).  The Amended Plan further provides that unsecured creditors will be paid pro rata.

4. After payment of the amounts shown above, the Amended Plan is insufficient to make any distribution to general unsecured creditors. The Debtor's Schedule F identifies general unsecured claims totaling $87,392.81.  See Schedule F at docket no. 10.  The Claims Register reflects general unsecured claims in the total amount of $100,709.40.

5. The Amended Plan cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(4) as the Plan does not provide "that the value of the property to be distributed on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were to be liquidated under chapter 7 of this title." The Debtor's Schedule B schedules non-exempt assets as follows: Charles Schwab accounts totaling $40,716, a cause of action against the LLC and others in the amount of $2,000,000 and a cause of action against the Law Office of Steven Caplan in the amount of $300,000. The non-exempt funds held in the Charles Schwab accounts are sufficient to pay unsecured creditors 40% of the unsecured amounts claimed. Further, if either of the causes of action are successful, general unsecured creditors would be paid in full. The Amended Plan does not designate the Charles Schwab funds or any proceeds of the causes of action to the Amended Plan.

6. The Amended Plan cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(6) as the Debtor will not be "able to make all payments under the Amended Plan and to comply with the Plan." The Debtor's Schedules I and J indicate monthly income totaling

$8,500.26[2] and monthly expenses totaling $8,059.29, leaving net disposable income of just $440.97. The Amended Plan requires payments of $1,935 per month and the Amended Plan does not explain how the Debtor will make up the difference of almost $1,500 per month.

7.    The Amended Plan cannot be confirmed pursuant to 11 U.S.C. § 1325(a)(7) as "the action of the Debtor in filing the petition was not in good faith." The Debtor's Schedules fail to reflect significant assets and liabilities. Schedule B fails to list a cause of action against her former spouse arising from missed payments of $5,000 per month from June, 2018 to date. This amount totals approximately $120,000 to date and continues to accrue. These funds could be used to satisfy creditor claims. Further, the Debtor's Schedules fail to reflect the claim of Bank of America, N.A. giving rise to a right to payment from the Debtor's real property. One can only assume that the failure to schedule this potential asset and liability was intentional on the part of the Debtor as these very transactions are discussed in the cause of action filed by the Debtor against the LLC, putting into question the Debtor's good faith in filing the Petition.

8.    For the foregoing reasons, the Court should deny confirmation of the Amended Plan.

WHEREFORE, The Law Office of Sally B. Gold, LLC prays the entry of an order denying confirmation, and for such other relief as this court finds appropriate.

---

[2]    The income shown in Schedule I includes an allocation of $360 per month from her anticipated tax refunds at year end, so there is even less available on a monthly basis.

/s/ Gary R. Greenblatt
Gary R. Greenblatt (#02870)
grg@cooncolelaw.com
Coon & Cole, LLC
305 W. Chesapeake Avenue, Suite 510
Towson, MD 21204
(410) 244-8800 – Office
(410) 825-5971 – Fax

Attorneys for Law Office of Sally B. Gold, LLC

Certificate of Service

I hereby certify that on this 28th day of May, 2020, a copy of the foregoing was sent by cm-ecf to:

David M. Grossman, Esquire    david@davidgrossmanlaw.com
Robert S. Thomas              ECF@ch13balt.com

/s/ Gary R. Greenblatt
Gary R. Greenblatt
